E. PRALL BIRD, PLAINTIFF, v. MOTH K-L COMPANY,
DEFENDANT.

Decided May 26, 1923.

**Service of Summons on Foreign Corporation—Motion to Set
Aside and also to Strike Out one of the Paragraphs in Complaint—Submission to Jurisdiction of Court.**

On motion to make absolute a rule to show cause why the
service of a summons and complaint should not be set aside.

Argued February term, 1923, before a single justice.

For the motion, *John K. English.*

*Contra, Richard Boardman.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff resides in New York. Defendant is a corporation of the State of Delaware, with its business
office in the State of New York. The summons and complaint in this cause was served on the president of the corporation at his residence in Cranford, New Jersey, and thereupon defendant gave notice of two proposed motions—(a) to
set aside the service as irregular upon the ground, *inter alia,*
that defendant was a foreign corporation not doing business
in this state; (b) to strike out one of the paragraphs in the
complaint. At the hearing the latter motion was allowed and
an order taken and entered by defendant, striking out the
part of complaint objected to, and a rule to show cause allowed
on the motion to set aside the service, under which proofs were
taken, and defendant now moves that the rule be made absolute. Plaintiff objects to this on the ground that the motion
to strike out a part of the complaint, and the taking of the
rule granting that motion, amounted to a proceeding in the
cause by defendant sufficient to constitute a general appearance overcoming any irregularity in the service of the sum-

mons. If the action of defendant was a general appearance, any irregularity in the service of the summons was waived thereby and the rule to show cause must be discharged because the defendant has voluntarily submitted to the jurisdiction of the court and availed itself of the benefit of that jurisdiction. The motion to strike out related to a part of the relief prayed for, and not being to the entire complaint, would be subject only to a special demurrer to be availed of under our practice by motion to strike out, but it is nevertheless in the nature of a proceeding in the cause which defendant could not take without appealing to the jurisdiction of the court, for it was in substance and effect a special demurrer, dealt with in a method peculiar to our Practice act, and amounted to a general appearance which waived all objections to the jurisdiction of the court over the cause of action and the person of defendant. *United States* v. *Griefen,* 72 *N. J. L.* 1; *Albert* v. *Clarendon Land Co.,* 53 *N. J. Eq.* 623, 625. The rule to show cause allowed on the motion to set aside the service of the summons will be discharged, with cost, reserving to the defendant the right to plead within twenty days after service of a copy of a rule discharging the rule to show cause.